**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

| | | |
|---|---|---|
| DESHAWN DUKES, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 23-3899 (RBK) (EAP) |
| | : | |
| v. | : | |
| | : | |
| SGT. DEMARCO, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

_____:

_____

| | | |
|---|---|---|
| JOSE CRISOSTOMO, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 23-3903 (RBK) (EAP) |
| | : | |
| v. | : | |
| | : | |
| SGT. DEMARCO, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

_____:

**ROBERT B. KUGLER, U.S.D.J.**

### I.    INTRODUCTION

Plaintiffs, Deshawn Dukes and Jose Crisostomo (collectively the "Plaintiffs") are pretrial detainees housed at the Atlantic County Justice Facility in Mays Landing, New Jersey. They have filed identical complaints in these two civil actions. Both Plaintiffs are proceeding in forma pauperis.

This Court must screen Plaintiffs' complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether the complaints are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether Plaintiffs seeks monetary relief from a defendant who is

immune from suit. For the following reasons, their complaints are dismissed without prejudice in their entirety.

## II.    FACTUAL BACKGROUND

The allegations of the complaints shall be construed as true for purposes of this screening opinion. Plaintiffs name two Defendants in their complaints, they are as follows: (1) Sgt. Demarco – Supervisor Atlantic County Justice Facility; and (2) Officer Black.

Plaintiffs state that they are being illegally detained contrary to New Jersey's Bail Reform Act. Plaintiffs allege that the Defendants searched their cell on May 24, 2023. During this search, Plaintiffs' legal documents were confiscated and removed. Plaintiffs state that the material seized was critical to their pretrial and trial preparation.

Plaintiffs bring claims under the Due Process Clause of the Fourteenth Amendment, under the First Amendment right of access to the courts and that the Defendants actions violated their constitutional right to bail by being contrary to New Jersey's Bail Reform Act. The Plaintiffs each seek monetary damages.

## III.    LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis. *See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to sua sponte dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive a court's screening for failure to state a claim, the complaint must allege sufficient factual matter to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiffs are seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a

> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

### A.   Due Process

Plaintiffs first allege that their due process rights were violated through the taking of their property/legal materials.

> An unauthorized deprivation of property by a state actor, whether
> intentional or negligent, does not constitute a violation of the
> procedural requirements of the Due Process Clause of the
> Fourteenth Amendment if a meaningful post-deprivation remedy
> for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 530–36
> (1984); *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981), *overruled
> in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 328
> (1986). In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435–36
> (1982), the Supreme Court explained, however, that post-
> deprivation remedies do not satisfy the Due Process Clause if the
> deprivation of property is accomplished pursuant to established
> state procedure rather than through random, unauthorized action.

*Stokes v. Lanigan*, No. 12–1478, 2012 WL 4662487, at *4 (D.N.J. Oct. 2, 2012). New Jersey provides a post-deprivation remedy for unauthorized deprivation of property by public employees through the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1–1, *et seq.* Because a meaningful post-deprivation remedy is available and Plaintiffs do not allege the taking was pursuant to an established state procedure, Plaintiffs' have failed to state a due process claim

4

against the Defendants with respect to the purported taking of their property/legal materials. *Accord Drake v. Muniak*, No. 13-3868, 216 WL 1162375, at *8 (D.N.J. Mar. 24, 2016). Therefore, this claim by both Plaintiffs will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

B. <u>Access to Courts</u>

Plaintiffs next argue that their right of access to the courts was violated when their legal materials were confiscated. "Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)). "Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit." *Id.* (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). Thus, to satisfy the requisite pleading requirements, "[t]he complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Id.* at 205-06 (footnote omitted) (citing *Christopher*, 536 U.S. at 416-17).

In *Monroe*, the Third Circuit determined that the complaint failed to state an access to courts claim upon which relief could be granted and stated the following:

> [i]n this case, the defendants confiscated all of the plaintiffs'
> contraband and non-contraband legal materials, including their
> legal briefs, transcripts, notes of testimony, exhibits, copies of
> reference books, treatises, journals, and personal handwritten
> notes. In their initial pleadings, the plaintiffs' claim rested solely on
> the ground that the defendants confiscated their legal materials,
> contraband and non-contraband alike. That claim, on its face, was
> insufficient to state a claim under *Harbury*. So too were their

> subsequent amendments, which alleged that they lost the
> opportunity to pursue attacks of their convictions and civil rights
> claims but did not specify facts demonstrating that the claims were
> nonfrivolous. Nor did they maintain that they had no other remedy
> to compensate them for their lost claims. Even liberally construing
> their complaints as we must do for *pro se* litigants, they do not
> sufficiently allege that they have suffered an actual injury.

536 F.3d at 206 (internal citation and footnote omitted).

Plaintiffs provide this Court with no information regarding what claims they were not permitted to raise in their pretrial or trial proceedings. Thus, they fail to state a claim because this Court cannot determine if any such claim was nonfrivolous or arguable. Accordingly, Plaintiffs access to courts claims are dismissed without prejudice for failure to state a claim upon which relief may be granted.

C. <u>Bail</u>

Finally, Plaintiffs argue that their constitutional right to bail was violated in some fashion due to the application or enforcement of New Jersey's Bail Reform Act. However, they fail to state when and how each of the two named Defendants *specifically* violated his constitutional rights. *See Cooper v. Link*, No. 18-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his Complaint as pled because it is not clear what each Defendant did to violate his rights."). Thus, Plaintiff's claims regarding bail shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. *Accord Lawson v. Christie*, No. 18-11175, 2019 WL 1513219, at *2 (D.N.J. Apr. 8, 2019) (dismissing bail claim where plaintiff fails to state how each defendant specifically violated plaintiff's constitutional rights).

**V.      CONCLUSION**

For the foregoing reasons, Plaintiffs' complaints shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. Appropriate orders will be entered in each case separately.


DATED: May 14, 2024                                    s/ Robert B. Kugler
                                                       ROBERT B. KUGLER
                                                       United States District Judge